IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.  13-CV-60948- BRANNON

SERGE BRALO,

      Plaintiff,

v.

SPIRIT AIRLINES, INC.,

      Defendant.

_____,

FILED by ___ D.C.

FEB 1 3 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the jury:

      It is my duty to instruct you on the rules of law that you must use in deciding this case.

      When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

1

## THE DUTY TO FOLLOW INSTRUCTIONS: CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## RESPONSIBILITY FOR PROOF: PLAINTIFF'S CLAIM, PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff, the party bringing any claim, to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## RESPONSIBILITY FOR PROOF: AFFIRMATIVE DEFENSE
## PREPONDERANCE OF THE EVIDENCE

I caution you that the Defendant, does not have to disprove the Plaintiff's claim, but

if the Defendant raises an affirmative defense, the only way it can prevail on that specific

defense is if it proves that defense by a preponderance of the evidence.

## DUTY TO DELIBERATE WHEN ONLY PLAINTIFF SEEKS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## AMERICANS WITH DISABILITIES ACT – REASONABLE ACCOMMODATION AND THE FLORIDA CIVIL RIGHTS ACT CLAIMS

In this case Mr. Bralo claims that Spirit Airlines discriminated against him by failing to reasonably accommodate his disability within the meaning of the Americans with Disabilities Act ("ADA"). Mr. Bralo contends that such conduct violated the ADA and the Florida Civil Rights Act ("FCRA").

Spirit Airlines denies that it discriminated against Mr. Bralo on the basis of his disability and asserts that Spirit Airlines' employment decisions regarding Mr. Bralo were made on a non-discriminatory, non-retaliatory, and good faith basis premised on legitimate business reasons unrelated to Mr. Bralo's alleged medical condition.

Under the ADA and FCRA, in order to prevail on his claim of disability discrimination based upon failure to provide a reasonable accommodation, Mr. Bralo must prove each of the following facts by a preponderance of the evidence:

First:        Mr. Bralo had a disability;

Second:     Mr. Bralo was a qualified individual;

Third:       Spirit Airlines knew of Mr. Bralo's disability;

Fourth:     Mr. Bralo identified and requested an accommodation;

Fifth:        A reasonable accommodation existed that would have allowed Mr. Bralo to perform the essential functions of the job; and

Sixth:       Spirit Airlines failed to provide a reasonable accommodation.

Definition of "Disability"

The first element requires that Mr. Bralo prove by a preponderance of the evidence that he had a disability. A "disability" is a physical or mental impairment that substantially limits one or more major life activities.

A "physical impairment" is a condition that prevents the body from functioning normally.

A "major life activity" is an activity that is centrally important to everyday life, including the operation of major bodily functions.

Mr. Bralo claims that working is a major life activity, and you must decide whether it is. Major life activities include caring for oneself, performing manual tasks, seeing,

hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

An impairment "substantially limits" a major life activity if it prevents or significantly restricts a person from performing the activity, compared to an average person in the general population. An impairment that substantially limits one major life activity is a disability even if it does not limit any other major life activity.

To decide whether Mr. Bralo's herniated discs and sciatica substantially limited his ability to lift, bend, and stoop, you should consider, as compared to most people in the general population:

> (a) the conditions under which Mr. Bralo performs lifting, bending, and stooping;

> (b) the manner in which Mr. Bralo performs lifting, bending, and stooping; and

> (c) how long Mr. Bralo can perform perform lifting, bending, and stooping.

<u>Definition of "Qualified Individual"</u>

The second element requires that Mr. Bralo prove by a preponderance of the evidence that he was "qualified" for the job when he was refused to allow the request for leave, ignored his request for reinstatement, and terminated for. This means that Mr. Bralo must show that he had the skill, experience, education, and other job-related requirements for an Aircraft Maintenance Supervisor position, and could do the essential functions of the job—with or without reasonable accommodation.

The essential functions of a position are the fundamental duties of that position. The term "essential functions" does not include the position's marginal functions.  To decide whether a function is essential to a particular position, you may consider the following factors:

> (a) Spirit Airlines' judgment about which functions are essential to the position;

> (b) written job description for the position;

> (b) whether the function is highly specialized so that an employee in the position is hired for the ability to perform the function;

> (d) whether the function's performance is the reason the position exists;

> (e) whether there are a limited number of employees available to perform the function;

(f) the amount of time an employee in the position spends performing the function;

(g) the consequences of not requiring an employee in the position to perform the function; or

(h) whether others who held the position were required to perform the function.

Still, no single factor controls your decision and you should consider all evidence to decide whether a function is essential to the job. To decide whether Mr. Bralo was qualified to perform the essential job functions, you should consider his abilities as they existed when Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo's employment.

For the third element, Mr. Bralo must prove by a preponderance of the evidence that Spirit Airlines knew about his disability.

For the fourth element, Mr. Bralo must prove by a preponderance of the evidence that he requested an accommodation.

Put another way, the third and fourth elements require Mr. Bralo to prove that he informed Spirit Airlines of both the substantial limitations his disability created and the need for an accommodation.

For the fifth element, Mr. Bralo must prove by a preponderance of the evidence that a reasonable accommodation existed that would have allowed him to perform the essential functions of the job.

A "reasonable accommodation" is a change that can reasonably be made without undue hardship to the employer in the employer's ordinary work rules, facilities, or terms and conditions of employment.

For the sixth element, Mr. Bralo must prove by a preponderance of the evidence that Spirit Airlines failed to provide a reasonable accommodation.

In this case, Mr. Bralo claims that he would have been able to perform the essential functions of the Aircraft Maintenance Supervisor with a reasonable accommodation of lifting, bending, and stooping. Spirit Airlines claims it was unable to determine if Serge Bralo could perform the essential functions of his job with or without reasonable accommodation without additional medical information, and Mr. Bralo refused to identify any accommodation which would have allowed Mr. Bralo to return to work and perform his essential functions.

11

A "reasonable accommodation" is a modification or adjustment of the employer's ordinary work rules, facilities, or terms and conditions of employment that the employer can make without causing an undue hardship.

A reasonable accommodation may include:

(a) making existing facilities readily accessible to, and usable for, Mr. Bralo;

(b) job restructuring;

(c) part-time or modified work schedules;

(d) reassignment to a vacant position;

(e) acquiring or modifying equipment or devices;

(f) adjusting or modifying examinations, training materials, or policies;

(g) providing qualified readers or interpreters; or

(h) other similar accommodations for individuals with disabilities.

To decide whether Spirit Airlines denied Mr. Bralo a reasonable accommodation, you should keep in mind that while an employer is required to provide reasonable accommodations that would allow Mr. Bralo to perform the essential job functions, the employer is not required to provide the particular accommodation that Mr. Bralo prefers or claims to request.

Also, just because Spirit Airlines may have offered a certain accommodation to another employee in the past does not mean that Spirit Airlines must forever extend the same accommodation to Mr. Bralo or that the accommodation is necessarily reasonable under the ADA.   Otherwise, an employer would be reluctant to offer benefits or concessions to disabled employees for fear that by providing the benefit or concession one time, the employer would be required to provide that accommodation in the future.  Simply because Mr. Bralo claims Spirit Airlines has provided light duty accommodations to other disabled employees in the past, that does not necessarily mean that the particular accommodation is a reasonable one for Mr. Bralo.  Instead, you must determine its reasonableness under all the evidence.

If you find that Mr. Bralo has proved each element he must prove, you must decide whether Spirit Airlines has established <u>one or more of</u> its affirmative defenses.

<u>Good Faith Defense</u>:

Spirit Airlines claims that after Mr. Bralo informed Spirit Airlines of his disability and requested an accommodation, Spirit Airlines made good faith efforts to consult with Mr. Bralo in order to identify and make a reasonable accommodation that would not cause an undue hardship on the operation of Spirit Airlines' business.

Spirit Airlines must prove by a preponderance of the evidence that it made good faith efforts to identify and make a reasonable accommodation for Mr. Bralo.

If you find by a preponderance of the evidence that Spirit Airlines made good faith efforts to identify and make a reasonable accommodation for Mr. Bralo, then you have found that Spirit Airlines established its affirmative defense, and you will not decide the issue of Mr. Bralo's damages.

<u>Interactive Process Defense</u>:

Participation in the interactive process is a responsibility shared by both Spirit Airlines and Mr. Bralo, each of whom must provide relevant information, including medical information requested by Spirit Airlines, to facilitate the process.

If you find by a preponderance of the evidence that Mr. Bralo is at fault for the failure of the interactive process, then you have found that Spirit Airlines established its affirmative defense, and you will not decide the issue of Mr. Bralo's damages.

<u>Damages:</u>

If you find that Mr. Bralo has proved each element he must prove, and you find that Spirit Airlines had failed to prove neither the Good Faith nor the Interactive Process Defense, you must decide the issue of his compensatory damages.

When considering the issue of Mr. Bralo's compensatory damages, you should determine what amount, if any, has been proven by Mr. Bralo by a preponderance of the evidence as full, just, and reasonable compensation for all of Mr. Bralo's damages as a result of Spirit Airlines' failure to provide Mr. Bralo with a reasonable accommodation, no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Spirit Airlines. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following element of damage, to the extent you find that Mr. Bralo has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits to the date of your verdict
(b) emotional pain and mental anguish

To determine the amount of Mr. Bralo's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefit he lost.

To determine whether and how much Mr. Bralo should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury—tangible and intangible. Mr. Bralo does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

Mitigation of Damages:

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Mr. Bralo to be reasonably diligent in seeking substantially equivalent employment to the position he held with Spirit Airlines. To prove that Mr. Bralo failed to mitigate damages, Spirit Airlines must prove by a preponderance of the evidence that: (1) work comparable to the position Mr. Bralo held with Spirit Airlines was available, and (2) Mr. Bralo did not make reasonably diligent efforts to obtain it. If, however, Spirit Airlines shows that Mr. Bralo did not make reasonable efforts to obtain any work, then Spirit Airlines does not have to prove comparable work was available.

If you find that Spirit Airlines proved by a preponderance of the evidence that Mr. Bralo failed to mitigate damages, then you should reduce the amount of Mr. Bralo's damages by the amount that could have been reasonably realized if Mr. Bralo had taken advantage of an opportunity for substantially equivalent employment.

Punitive Damages:

Mr. Bralo also asks you to award punitive damages.  The purpose of punitive damages is not to compensate Mr. Bralo but, instead, to punish Spirit Airlines for wrongful conduct and to deter similar wrongful conduct.  You will only reach the issue of punitive damages if you find for Mr. Bralo and award him compensatory damages.

To be entitled to an award of punitive damages, Mr. Bralo must prove by a preponderance of the evidence that Spirit Airlines acted with either malice or reckless indifference toward Mr. Bralo's federally protected rights.  Specifically, Mr. Bralo must

show that an employee of Spirit Airlines, acting in a managerial capacity, either acted with malice or reckless indifference to Mr. Bralo's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Spirit Airlines gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Spirit Airlines acted with malice, Mr. Bralo must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Mr. Bralo anyway. To show that Spirit Airlines acted with reckless indifference to Mr. Bralo's federally protected rights, Mr. Bralo must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Mr. Bralo to an award of punitive damages; Mr. Bralo need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Spirit Airlines acted with malice or with reckless indifference to Mr. Bralo's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Spirit Airlines engaged in a pattern of discrimination toward its employees; (2) whether Spirit Airlines acted spitefully or malevolently; (3) whether Spirit Airlines showed a blatant disregard for civil legal obligations; (4) whether Spirit Airlines failed to investigate reports of discrimination; (5) whether Spirit Airlines failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process concerning Mr. Bralo's discharge.

If you find that punitive damages should be assessed against Spirit Airlines, you may consider the evidence regarding Spirit Airlines' financial resources in fixing the amount of such damages.

## FAMILY MEDICAL LEAVE ACT – INTERFERENCE CLAIM

In this case, Mr. Bralo claims that he was entitled to a leave of absence from work again under a federal law called Family and Medical Leave Act, also known as the FMLA, and that Spirit Airlines interfered with, restrained, or denied his entitlement to a leave of absence.

Under the FMLA, an eligible employee may take up to 12 weeks of leave during any 12-month period for the employee's own serious health condition. This leave is called FMLA leave.

The FMLA also gives the employee, after his leave, the right to be restored by the employer to the position held when the leave began, or to be given an equivalent position. It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise any of these rights.

To succeed on his claim against Spirit Airlines, Mr. Bralo must prove each of the following facts by a preponderance of the evidence:

First:  Mr. Bralo was eligible for FMLA leave;

Second: Mr. Bralo was entitled to FMLA leave;

Third:   Mr. Bralo gave Spirit Airlines proper notice of his need for leave; and

Fourth: Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo.

The parties have agreed that Mr. Bralo was "eligible" for FMLA leave. You should consider that a proven fact.

For the second element, Mr. Bralo was "entitled" to FMLA leave if he had an FMLA-qualifying reason. A serious health condition that prevented Mr. Bralo from performing the functions of his job is an "FMLA-qualifying reason." A "serious health condition" is an illness, injury, impairment, or physical or mental condition that involves either inpatient care in a hospital, hospice, or residential medical facility, or continuing treatment by a healthcare provider.

For the third element, Mr. Bralo "gave proper notice" to Spirit Airlines of his need for FMLA leave if he notified Spirit Airlines of the need to take FMLA leave in a timely manner and in a way that alerted Spirit Airlines that his absence might qualify as FMLA leave even if Mr. Bralo did not expressly mention that FMLA.

16

If Mr. Bralo knew of the need for leave more than 30 days before the leave was to begin, he was required to give Spirit Airlines notice at least 30 days before the leave was to begin. If Mr. Bralo knew of the need for leave less than 30 days before the leave was to begin, he was required to give Spirit Airlines notice as soon as was reasonably possible.

For the fourth element, you must determine whether Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo.

If you find that Mr. Bralo has proved each element he must prove, you must decide whether Spirit Airlines has established its affirmative defense.

Affirmative Defense:

It is lawful for an employer to refuse to allow the request for leave, ignore his request for reinstatement, and terminate an employee for reasons unrelated to an employee's FMLA leave and attempt to take FMLA leave. To establish its affirmative defense, Spirit Airlines must prove by a preponderance of the evidence that it refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo for reasons that were unrelated to Mr. Bralo's FMLA leave and attempt to take FMLA leave. Put anther way, Spirit Airlines must prove that it would have refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo even without the FMLA leave or attempt to take FMLA leave.

If you find that Spirit Airlines established its affirmative defense, you will not decide the issue of Mr. Bralo's damages. But if you find that Spirit Airlines has not established its affirmative defense, you must decide the damages issue.

Damages:

The measure of damages for Mr. Bralo is either lost wages and benefits or other expenses incurred because of Spirit Airlines' FMLA violation. Mr. Bralo can recover lost wages and benefits, or he can recover other expenses incurred because of Spirit Airlines' actions - but not both.

If Mr. Bralo proved that he lost wages or benefits because of Spirit Airlines' FMLA violation, then Mr. Bralo may recover net lost wages and benefits from the date of discharge to the date of your verdict.

If you find that Mr. Bralo did not directly lose pay or benefits because of Spirit Airlines' FMLA violation, then you may award Mr. Bralo the actual monetary loss that directly resulted from Spirit Airlines' FMLA violation. This amount of damages cannot exceed the amount Mr. Bralo's wages or salary from May 4, 2012, to the date of the verdict.

<u>Mitigation of Damages</u>:

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Mr. Bralo to be reasonably diligent in seeking substantially equivalent employment to the position he held with Spirit Airlines. To prove that Mr. Bralo failed to mitigate damages, Spirit Airlines must prove by a preponderance of the evidence that: (1) work comparable to the position Mr. Bralo held with Spirit Airlines was available, and (2) Mr. Bralo did not make reasonably diligent efforts to obtain it. If, however, Spirit Airlines shows that Mr. Bralo did not make reasonable efforts to obtain any work, then Spirit Airlines does not have to prove comparable work was available.

If you find that Spirit Airlines proved by a preponderance of the evidence that Mr. Bralo failed to mitigate damages, then you should reduce the amount of Mr. Bralo's damages by the amount that could have been reasonably realized if Mr. Bralo had taken advantage of an opportunity for substantially equivalent employment.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____
## FMLA – RETALIATION CLAIM

In this case, Mr. Bralo claims that Spirit Airlines violated a federal law called the Family and Medical Leave Act, also known as the FMLA, by refusing to allow the request for leave, ignoring his request for reinstatement, and terminating his employment because he notified Spirit Airlines that he suffered from multiple serious medical conditions and required FMLA leave. Spirit Airlines denies Mr. Bralo's claims and asserts that its employment decisions regarding Mr. Bralo were made on a non-discriminatory, non-retaliatory, and good faith basis premised on legitimate business reasons unrelated to Mr. Bralo's alleged medical condition.

Under the FMLA, an eligible employee may take up to 12 weeks of leave during any 12-month period for a serious health condition. This leave is called FMLA leave. It is unlawful for an employer to take action against an employee because the employee exercises his FMLA rights. The FMLA does not require an employer to pay an employee while on FMLA leave.

To succeed on his claim against Spirit Airlines, Mr. Bralo must prove each of the following facts by a preponderance of the evidence:

First:     Mr. Bralo was employed by Spirit Airlines;

Second:  Mr. Bralo was eligible for FMLA leave;

Third:    Mr. Bralo was entitled to FMLA leave;

Fourth:  Mr. Bralo notified Spirit Airlines that he suffered from multiple serious medical conditions and required FMLA leave;

Fifth:    Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo as an employee;

Sixth:    Spirit Airline's refusing to allow the request for leave, ignoring his request for reinstatement, and terminating Mr. Bralo's employment was an "adverse employment action"; and

Seventh: Spirit Airlines took that action because Mr. Bralo notified Spirit Airlines that he suffered from multiple serious medical conditions and required FMLA leave.

The parties have agreed that Mr. Bralo was employed by Spirit Airlines. You should consider that a proven fact.

19

The parties have agreed that Mr. Bralo was "eligible" for FMLA leave.  You should consider that a proven fact.

For the third element, Mr. Bralo was "entitled" to FMLA leave if:

(a) Mr. Bralo had an FMLA-qualifying reason, and

(b) Mr. Bralo gave Spirit Airlines proper notice of his need for leave.

A serious health condition that prevented Mr. Bralo from performing the functions of his job is an "FMLA-qualifying" reason.

A "serious health condition" is an illness, injury, impairment, or physical or mental condition that involves either inpatient care in a hospital, hospice, or residential medical facility, or continuing treatment by a healthcare provider. Ordinarily, unless complications arise, the common cold, the flu, earaches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, and other similar conditions do not meet the definition of a "serious health condition" and do not qualify for FMLA leave.

Mr. Bralo "gave proper notice" to Spirit Airlines of his need for FMLA leave if he notified Spirit Airlines of the need to take FMLA leave in a timely manner and disclosed his serious medical condition, and in a way that alerted Spirit Airlines that his absence might qualify as an FMLA leave - even if Mr. Bralo did not expressly mention the FMLA.

If Mr. Bralo knew of the need for leave more than 30 days before the leave was to begin, he was required to give Spirit Airlines notice at least 30 days before the leave was to begin. If Mr. Bralo knew of the need for leave less than 30 days before the leave was to begin, he was required to give Spirit Airlines notice as soon as was reasonably possible.

For the fourth element, you must decide whether Mr. Bralo properly notified Spirit Airlines that he suffered from multiple serious medical conditions and required FMLA leave. If you find that Mr. Bralo properly notified Spirit Airlines that he suffered from multiple serious medical conditions and required FMLA leave, then you have found that he engaged in "FMLA-protected activity."

For the fifth element, you must decide whether Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo.

For the sixth element, you must decide whether Spirit Airline's refusing to allow the request for leave, ignoring his request for reinstatement, and terminating Mr. Bralo is an "adverse employment action." An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to exercise FMLA rights. Put

another way, if a reasonable employee would be less likely to exercise his FMLA rights because he knew that Spirit Airlines would refuse to allow the request for leave, ignore his request for reinstatement, and terminate him, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to exercise FMLA rights, it is not an adverse employment action.

For the seventh element, you must decide whether Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo because of Mr. Bralo's FMLA-protected activity. Put another way, you must decide whether Mr. Bralo's FMLA-protected activity was the main reason for Spirit Airlines' decision.

To determine that Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo because of Mr. Bralo's FMLA-protected activity, you must decide that Spirit Airlines would not have refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo if Mr. Bralo had not engaged in FMLA-protected activity but everything else had been the same.

Spirit Airlines claims that it did not discharge Mr. Bralo because of Mr. Bralo's notification that he suffered from multiple serious medical conditions and required FMLA leave and that it took the action because: 1) Mr. Bralo never notified Spirit Airlines that he suffered from multiple serious medical conditions or that he required FMLA leave; 2) Mr. Bralo refused to provide medical documentation for his unauthorized leave of absence from May 4 to May 14, 2012; and 3) Mr. Bralo refused to allow his physician to evaluate whether Mr. Bralo was physically capable of performing his job duties. An employer may not take an adverse action against an employee because of the employee's FMLA protected activity. But an employer may discharge an employee for any other reason, good or bad, fair or unfair. You are instructed that an employer may discharge an employee who requests FMLA leave if the employee refuses to submit medical information demonstrating that the employee is physically capable of performing his job duties when released to return to work. If you believe Spirit Airlines' reasons for its decision, and you find that Spirit Airlines did not make its decision because of Mr. Bralo's FMLA protected activity, you must not second guess that decision, and you must not substitute your own judgment for Spirit Airlines' judgment—even if you do not agree with it.

<u>Damages:</u>

If you find that Mr. Bralo has proved each element he must prove, you must decide the issue of Mr. Bralo's damages.

When considering the issue of Mr. Bralo's compensatory damages, you should determine what amount, if any, has been proven by Mr. Bralo by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. Bralo's damages as a result of Mr. Bralo's discharge from employment, no more and no less. Compensatory

damages are not allowed as punishment and must not be imposed or increased to penalize Spirit Airlines. Also, compensatory damages must not be based on speculation or guesswork.

       If Mr. Bralo proved that he lost wages or benefits because of Spirit Airlines' FMLA violation, then Mr. Bralo may recover net lost wages and benefits from the date of his termination of employment to the date of your verdict.

<u>Mitigation of Damages</u>:

       You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Mr. Bralo to be reasonably diligent in seeking substantially equivalent employment to the position he held with Spirit Airlines. To prove that Mr. Bralo failed to mitigate damages, Spirit Airlines must prove by a preponderance of the evidence that: (1) work comparable to the position Mr. Bralo held with Spirit Airlines was available; and (2) Mr. Bralo did not make reasonably diligent efforts to obtain it. If, however, Spirit Airlines shows that Mr. Bralo did not make reasonable efforts to obtain any work, then Spirit Airlines does not have to prove comparable work was available.

       If you find that Spirit Airlines proved by a preponderance of the evidence that Mr. Bralo failed to mitigate damages, then you should reduce the amount of Mr. Bralo's damages by the amount that could have been reasonably realized if Mr. Bralo had taken advantage of an opportunity for substantially equivalent employment.

**ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I will respond as promptly as possible, either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.