UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60948-Civ-Brannon

SERGE BRALO,

    Plaintiff,

vs.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

**ORDER ON DEFENDANT
SPIRIT AIRLINES' MOTION FOR NEW TRIAL (DE 124)**

THIS CAUSE is before the Court on Defendant Spirit Airlines' Motion for New Trial (DE 124). For the following reasons, Spirit's Motion is DENIED.

**I.  Introduction**

At the close of the evidence during the jury trial in this case, the parties submitted proposed jury instructions, and, as expected, each side submitted instructions tailored to its theory of the case. The Court ultimately used Spirit's instructions, which were based on the Eleventh Circuit's Pattern Jury Instructions, but removed certain proposed additions by Spirit.

The crux of Spirit's argument is that the Court committed legal error when it did not use these proposed additions requested by Spirit. Spirit contends that it, rather than Bralo, would have prevailed had this additional language been included because it would have prevented the jury from making what Spirit considers to be improper findings.

Because Spirit timely objected to the Court's decision not to include these proposed additions, the Court must decide whether Spirit is entitled to a new trial because: (1) Spirit's requested instructions correctly stated the law; (2) the requested instructions dealt with an

1

issue properly before the jury; and (3) the Court's failure to give the instruction resulted in prejudicial harm to Spirit. *Lamonica v Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013). "In deciding whether a defendant's requested instruction was substantially covered by the actual charge delivered to the jury," a court should determine "whether the charge, when viewed as a whole, fairly and correctly states the issues and the law." *U.S. v. Klopf*, 423 F.3d 1228, 1241 (11th Cir. 2005)(citations omitted).

**II.     Discussion**

At the outset, the Court addresses a preliminary matter: while both Spirit and Bralo make various arguments about what evidence was, and was not, adduced at trial, neither side has requested, produced, or cited to, a trial transcript. Thus, the Court will not address those arguments. The only matter properly before the Court is whether it erred by declining to include Spirit's proposed additions in the jury instructions. The Court will address each proposed addition requested by Spirit.

1. Proposed Additions "B," "D," and "G"

Proposed additions "B," "D," and "G" and their supporting authority are as follows:

> B. "A request for accommodation is a request for some change or adjustment in the workplace which is expressly tied to his disability."
>
> *Williamson v. Clarke County Dep't of Human Resources*, 834 F. Supp. 2d 1310, 1320 (S.D. Ala. 2011); *EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans With Disabilities Act*, 2002 WL 31994334, *4 (EEOC Guidance October 7, 2002). (DE 124-1 at 30).
>
> D. "The possibility that physical aspects of Mr. Bralo's job could have been transferred to his subordinates is irrelevant" to the essential function determination.

2

> *Haysman v. Food Lion*, 893 F. Supp. 1092, 1102 (S.D. Ga. 1995); *Jones v. Nationwide Ins. Co.*, 696 F.3d 78, 88-89 (lst Cir. 2012). (DE 124-1 at 30).
>
> G. "It is lawful for Spirit to have an automatic light duty position for only worker's compensation injured employees, as this is a legitimate and non-discriminatory policy."
>
> *Dalton v. Subaru-Isuzu Auto., Inc*., 141 F.3d 667,679-680 (7th Cir. 1997); *Burns v. Coca- Cola Enters.*, 222 F.3d 247,257 (6th Cir. 2000); *Thompson v. £.1 DuPont de Nemours & Co.*, 70 Fed. App'x. 332,338 (6th Cir. 2003); *EEOC v. Sara Lee Corp.*, 237 F. 3d 349,353-354 (4th Cir. 2001) (DE 124-2)

Spirit's proposed additions "B," "D," and "G" are not based on binding precedent; as such, the Court is not required to include them in its jury instructions. *See Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003); *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.*, 240 F.3d 956, 965-66 (11th Cir. 2001). Nor has Spirit directed the Court's attention to authority suggesting otherwise. Accordingly, while these proposed additions may "clearly state the law" as it exists in other circuits, they cannot be said to correctly state Eleventh Circuit law. As such, it cannot be said that Spirit was prejudiced by the Court's decision not to modify the Eleventh Circuit's pattern jury instructions with language from other circuits. Thus, Spirit is not entitled to a new trial based on the Court's decision not to include these proposed additions.

2. Proposed Addition "A"

Proposed addition "A," similarly, comes from a Middle District of Alabama case, which, while premised on rulings from the Eleventh Circuit—which would be binding on this Court—is not a quote or paraphrase from an Eleventh Circuit case such that the requested

3

language could be a correct statement of Eleventh Circuit law that would be binding on this Court. The proposal is as follows:

> A. "It is not enough for Spirit Airlines to have known of Mr. Bralo's disability or his desire for accommodation"
>
> *Howard v. Steris Corp.*, 886 F. Supp. 2d 1279 (M.D. Ala. 2012); *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999); *Schwarz v. City of Treasure Isl.*, 544 F.3d 1201, 1219 (11th Cir. 2008). (DE 124-1 at 30).

Moreover, even assuming the proposed additions were binding on the Court, the instructions provided to the jury reflects the applicable Eleventh Circuit case law on the issue—that under Eleventh Circuit precedent, "the defendant's duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Gaston v. Bellingrath Gardens & Home, Inc*., 167 F.3d 1361, 1363 (11th Cir. 2007). The instructions provided to the jury stated that: "Mr. Bralo must prove by a preponderance of the evidence that he requested an accommodation" (DE 93 at 11) and "the third and fourth elements require Mr. Bralo to prove that he informed Spirit Airlines of both the substantial limitations his disability created and the need for an accommodation." (*Id.*) Thus, Spirit is not entitled to a new trial based on the Court's decision not to include this proposed addition.

3. Proposed Addition "C"

Regarding proposed addition "C," the Court notes that while Spirit's string cites suggest that the language in the proposed addition came from an Eleventh Circuit case, it did not. The proposal is as follows:

> C. "Spirit Airlines' judgment as expressed in its written job description is given substantial weight and is owed substantial deference in determining which job functions are essential. The essential function inquiry is not intended to second guess the employer or lower company standards."

4

>   *Lucas v. W W Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001*);
>   Creemens v. City of Montgomery*, 427 Fed. App'x. 855, 857 (11th Cir.
>   2011); *Hawkins v. Schwan's Home Service, Inc.*, 2012 U.S. App. LEXIS
>   74509, *13, 21 (10th Cir. 2013*); Haysman v. Food Lion*, 893 F. Supp.
>   1092, 1101 (S.D. Ga. 1995); *Ward v. Mass. Health Research Inst., Inc.*,
>   209 F.3d 29, 33 (lst Dist. 2000). (DE 124-1 at 30).

The language used in both Eleventh Circuit cases in this string cite is as follows:

(1) "We give substantial weight to the employer's judgment as to what functions of a position are essential, but that factor alone is not conclusive." *Cremeens v. City of Montgomery*, Ala., 427 F. App'x 855, 857 (11th Cir. 2011).

(2) "Determining whether a particular job duty is an essential function involves a factual inquiry to be conducted on a case-by-case basis . . . . in conducting this inquiry, "consideration shall be given to the employer's judgment . . . . and if an employer has prepared a written description ... for the job, this description shall be considered evidence of the essential functions of the job." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001) (citations omitted).

Spirit's proposed additions are substantially broader than these two statements; and, while part of Spirit's chosen language is correct—that substantial weight is given to an employer's judgment as to what functions are essential—Spirit's failure to include the rest of the language renders the statement incomplete, and thus, incorrect. Spirit excluded the language from the quoted Eleventh Circuit cases that did not benefit it and included language from outside—insofar as the Court can tell—Eleventh Circuit canon.

More importantly, however, Spirit was not prejudiced by the exclusion of this proposed addition. Even if the jury had been instructed to give Spirit's judgment—as expressed in the written job description and by Aggie Lang, who made the decision to terminate Bralo—substantial weight, the jury verdict reflects what it thought of Ms. Lang's—and thus, Spirit's—judgment. Given what little credence they gave to Ms. Lang's testimony, instructing the jury to give substantial weight would to Spirit's judgment would have had

5

little, if any, effect on the outcome. Thus, Spirit is not entitled to a new trial based on the Court's decision not to include this instruction.

### 4. Proposed Addition "E"

Proposed addition "E" comes from an unpublished opinion, which while persuasive, is not binding on this Court. The proposal is as follows:

> E. "Mr. Bralo must prove by a preponderance of the evidence that he requested the specific accommodation which he now claims Spirit Airlines should have provided him."
>
> *Roddy v. City of Villa Rica.*, 2013 U.S. App. LEXIS 20324,*14 (11th Cir. 2013). (DE 124-1 at 30-31).

Even assuming this proposed addition correctly states the law, Spirit cannot be said to be prejudiced by the Court's failure to include language from a non-binding case to modify pattern jury instructions. Thus, Spirit is not entitled to a new trial based on the Court's decision not to include this proposed addition.

### 5. Proposed Addition "F"

Finally, regarding proposed addition "F," the Eleventh Circuit case cited by Spirit does not state that an employer is not required to create a light duty job for Bralo. The proposal is as follows:

> F. "Spirit is not required to create a light duty position for Mr. Bralo. It is Mr. Bralo's burden to prove by a preponderance of the evidence that he identified a vacant light duty position as a reasonable accommodation for his disability at the time of his disability."
>
> *Terrell v. US Air*, 132 F.3d 621, 625-626 (11th Cir. 1998); *Howell v. Michelin Tire Corp.*, 860 F. Supp. 1488, 1492 (M.D. Ala. 1994) (citing *Equal Employment Opportunity Commission's Technical Assistance Manual on the ADA*, § 9.4); *Terrell v. US Air*, 132 F.3d 621, 626 (11th Cir. 1998); *Thompson v. E.I DuPont de Nemours & Co.*, 70 Fed. Appx. 332,336 (6th Cir. 2003). (DE 124-2).

*Terrell*, which dealt in relevant part with an employee's request for part-time work, recognized that other cases had "stress[ed] that employers are not required to create 'light-duty' positions for their disabled employees under the ADA." *Terrell v. USAir*, 132 F.3d 621, 625-26 (11th Cir. 1998)(citing *Howell v. Michelin Tire Corp.*, 860 F. Supp. 1488, 1492 (M.D. Ala. 1994)).

However, as with proposed addition "E," even assuming this proposed addition correctly states the law, Spirit has not shown how it was prejudiced by the Court's decision not to use that proposed addition. Bralo's theory of the case of the case was premised on Ms. Lang's telling Bralo—upon hearing of his disability, restrictions, and desire to be returned to work with those restrictions—that he could not return to work until he was 100% and her subsequent and repeated avoidance of meaningful communication.

Assuming—without finding—that, as Spirit suggests, the only accommodations Bralo could have been asking for were job restructuring or a light duty position, the jury could very well have based its decision on a finding that job restructuring was a reasonable accommodation that Spirit denied Bralo. *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1527 (11th Cir. 1997) (noting that while an employer "is not required to reallocate essential functions," an employer "may restructure a job by reallocating or redistributing non-essential, marginal job functions . . . ."). Accordingly, Spirit is not entitled to a new trial based on the Court's decision not to include this proposed addition.

### III. Conclusion

Accordingly, Spirit's Motion for New Trial (DE 124) is DENIED.

7

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of May, 2014.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE